UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABEL MONTERO-ZARATE,<br><br>Defendant. | Case No. 5:15-cr-00207-EJD-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AND MOTION PURSUANT TO 28 § U.S.C. 2255**<br><br>Re: Dkt. Nos. 24, 27 |

Presently before the Court is pro se Defendant Abel Montero-Zarate's ("Defendant") (1) Motion to Appoint Counsel (Dkt. No. 24) and (2) Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (Dkt. No. 27, "Mot."). The Court has carefully reviewed the relevant documents and pertinent law and finds that, on this record, Defendant is not entitled to relief. For the reasons set forth below, both motions are DENIED.

**I. BACKGROUND**

In May of 2013, a confidential source for the Unified Narcotics Enforcement Team ("UNET") purchased methamphetamine from Defendant. Dkt. No. 16, ¶ 8. Over the course of 2013, undercover officers purchased methamphetamine on four more occasions. In total, Defendant sold 234.7 grams of methamphetamine. *Id*. ¶ 19. In addition to these drug transactions, Defendant also sold to undercover officers a total of three weapons: (1) a stolen Springfield Armory XD9611 .45 caliber semi-automatic handgun, (2) a Hi-Point 9mm caliber semi-automatic handgun, and (3) a Smith & Wesson .38 caliber six shot revolver. *Id*.

On April 8, 2015, Defendant was indicted on five counts for violations of 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute, and Distribution, of Methamphetamine (Counts I-V). Dkt. No. 1. Defendant pled guilty to count two of the indictment for a violation of 21

Case No.: 5:15-cr-00207-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AND MOTION PURSUANT TO 28 § U.S.C. 2255

1

U.S.C. § 841(a)(1) – Possession with Intent to Distribute, and Distribution of 5 Grams or more of actual Methamphetamine. Dkt. No. 14. The remaining counts were dismissed. Dkt. No. 22. Defendant's sentencing calculation resulted in a total offense level of 31. Dkt. No. 36.

|  | **U.S.S.G. Section** | **Level/Points** |
|---|---|---|
| **Base Offense Level** Defendant's offense involved approximately 234.7 grams of methamphetamine, which is at least 150 Grams, but less than 500 Grams of Methamphetamine (actual). | 2D1.1 | 32 |
| **Specific Offense Characteristics** Defendant possessed and sold firearms during three of his drug sales to undercover officers. | 2D1.1(b)(1) | +2 |
| Adjusted offense level |  | 34 |
| Acceptance of responsibility | 3E1.1 | -3 |
| Total offense level |  | 31 |
| Criminal History Category[1] |  | I |
| **RANGE** |  | 108–135 months |
| Actual sentence |  | 87 months |

*See* Dkt. No. 16, ¶¶ 24-33, 40-41; Dkt. No. 14. The Court sentenced Defendant to 87 months imprisonment. Dkt. No. 22. Judgment was entered on November 16, 2015. Dkt. No. 22.

On September 8, 2016, pro se Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Mot. Defendant did not state any supporting facts in his motion but requested the Court to examine his case in light of two Supreme Court cases: *Johnson*

---

[1] Defendant's plea agreement states parties did not agree on his Criminal History Category. Dkt. No. 14 at 4.

Case No.: 5:15-cr-00207-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AND MOTION PURSUANT TO 28 § U.S.C. 2255

2

*v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Generally, Defendant argues in his motion that in light of these two cases, his "offense does not qualify as a 'violent felony' according to the Armed Career Criminal Act . . . ." Mot. at 5. Defendant also states "Amendment 2K2.1(b)(2) mentions that a deduction of points should be considered in an offense, if the user 'did not unlawfully discharge or otherwise unlawfully use such firearm or ammunition.'" *Id.* In construing Defendant's claim liberally, the Court draws an inference that Defendant argues that because of the new Supreme Court cases and the Amendment, Defendant's sentence should be vacated, set aside, or corrected.

On January 16, 2018, the Court requested a response from the Government as to Defendant's 28 U.S.C. § 2255 motion. Dkt. No. 34. On February 5, 2018, Defendant filed an Answer in Support of his Motion to Vacate asserting multiple new claims for his § 2255 motion. Dkt. No. 35. On March 16, 2018, the Government filed a Response in opposition to Defendant's motion responding only to the initial § 2255 (Mot.). Dkt. No. 36. The Government argues that neither case Defendant references applies to his offense and therefore his motion should be denied. The Court agrees.

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2255 Motion

Section 2255 authorizes a "prisoner in custody under sentence of a court established by Act of Congress" to "move the court which imposed the sentence to vacate, set aside or correct the sentence" based on a violation of federal law. 28 U.S.C. § 2255(a). Relief under § 2255(a) is limited to the particular grounds listed in the statute—namely, "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). If a court finds error on one of these enumerated grounds, then "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial

Case No.: 5:15-cr-00207-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AND MOTION PURSUANT TO 28 § U.S.C. 2255
3

or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Following the submission of a § 2255 motion, the court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.*; *see also United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). In other words, a court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the record, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). "[C]onclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (quoting *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)).

### B. Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." *Id.* But pro se parties must still abide by the rules of the court in which they litigate. *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986). A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

## III. DISCUSSION

### A. Defendant's Second § 2255 Pleading is Time-Barred

Section 2255 motions limit defendants to one-year to file a motion. Section 2255(f) provides:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on

Case No.: 5:15-cr-00207-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AND MOTION PURSUANT TO 28 § U.S.C. 2255

4

which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, judgment was entered on November 16, 2015. Defendant timely filed his § 2255 motion to vacate on September 8, 2016 (Dkt. No. 27). Defendant filed a pleading titled Answer in Support of Motion to Vacate on February 5, 2018 (Dkt. No. 35). The document is a four-page written letter stating approximately five additional claims in seeking a reduced sentence, which includes but is not limited to, a Sixth Amendment Claim for ineffective assistance of counsel. Because the one-year limitation period for Defendant's motion resulted in a final filing date of November 16, 2015, and Defendant filed his first § 2255 motion before that date but filed what appears as another § 2255 motion on February 5, 2018—far past the one-year limitation—the Court views the first pleading (Dkt. No. 27) as the operative § 2255 motion and finds the second (Dkt. No. 35) time-barred.

### B. *Johnson* and *Welsh* Do Not Provide Defendant Relief

Neither *Johnson* nor *Welsh* apply to Defendant's case and therefore cannot provide him relief. In *Johnson*, the Court held that the "residual clause," which partially defines what constitutes a violent felony/crime, of the Armed Career Criminal Act ("ACCA") violated the Due Process Clause as it is void for vagueness. *Johnson*, 135 S. Ct. at 2562.

Here, the Government never alleged, and the Court never found, that Defendant should be sentenced under the ACCA. The Court applied the United States Sentencing Guidelines ("USSG") in calculating his sentence. Defendant acknowledged and agreed to the Sentencing Guidelines calculation as outlined in his plea agreement. Dkt. No. 14, ¶ 7. In construing Defendant's motion liberally, Defendant appears to reason that because the language surrounding the term "crime of violence" under the residual clause of the ACCA reads similarly as the USSG when defining crimes of violence, that his sentencing structure must also violate his due process

Case No.: 5:15-cr-00207-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AND MOTION PURSUANT TO 28 § U.S.C. 2255

5

rights. However, this is not the case for two reasons. First, the Court applied the USSG in calculating Defendant's sentence and did not apply the ACCA. Second, Defendant was convicted of violating 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute, and Distribution, of Methamphetamine and that statute does not contain a residual clause effected by *Johnson*. Furthermore, Defendant was sentenced pursuant to the drug quantity table at USSG § 2D.1(c), which is unrelated to crimes of violence. For these reasons, *Johnson* is inapplicable to Defendant's case and therefore there is nothing to apply retroactively to in order to reduce or vacate his sentence.

Defendant also states in his motion in the section asking for supporting facts that "Amendment 2K2.1(b)(2) mentions that a deduction of points should be considered in an offense, if the user 'did not unlawfully discharge or otherwise unlawfully use such firearm or ammunition.'" Mot. at 5. This reference is irrelevant because it does not apply to Defendant's offense of conviction. Section 2K2.1 applies to convictions under firearm statutes, such as 18 U.S.C. § 922(g). Defendant was convicted under 21 U.S.C. § 841. Thus, "Amendment 2K2.1(b)(2)" does not apply to Defendant's case.

On a separate note, in his plea agreement, Defendant agreed not to file any collateral attack on his conviction or sentence, to include a motion under 28 U.S.C. § 2255. Dkt. No. 14 at 3. Additionally, Defendant stated in his plea agreement that he would not ask to adjust or reduce the offense level or for any downward departure from the Guidelines range as determined by the Court. *Id.* at 4. Nonetheless, even when considering Defendant's request, he is not entitled to relief.

### C. Motion to Appoint Counsel

Prior to filing his § 2255 motion, pro se Defendant filed a motion requesting appointment of counsel to enable him to apply for a modification of term of imprisonment as a result of Amendment 782 to the USSG, which is related to drug offense sentencing and applies retroactively. Dkt. No. 24. This amendment revised the Drug Quantity Table across drug and

Case No.: 5:15-cr-00207-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AND MOTION PURSUANT TO 28 § U.S.C. 2255
6

chemical types, which lowers the base level offense for certain drug offenses by two levels. Dkt. No. 29 at 2; Dkt. No. 31 at 4. The office of the federal public defender filed a Notice of Non-Intervention. Dkt. No. 25. The Government filed a response arguing that Defendant had already received the benefit of this amendment and therefore his motion should be denied. Dkt. No. 31. The probation office filed a report stating the same. Dkt. No. 29.

Here, as shown in the table above, Defendant's base level offense for the possession and distribution of at least 150 grams, but less than 500 grams, of methamphetamine was 32. Amendment 782 went into effect on November 1, 2014. Defendant was sentenced on November 16, 2015. Had Defendant been sentenced before the amendment went into effect, his base level offense would have been 34. Defendant's actual base level offense of 32 was calculated after the amendment went into effect. Because Defendant has already benefited from Amendment 782, his motion is denied.

## IV. CONCLUSION AND ORDER

Defendant's motion to vacate or correct his sentence is DENIED with prejudice. Defendant's motion to appoint counsel is also DENIED with prejudice. The record shows that Defendant is not entitled to relief. Thus, Defendant is not entitled to a hearing.

## JUDGMENT

Pursuant to this order denying Defendant's request to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 with prejudice and denying Defendant's request to appoint counsel, judgment is hereby entered in favor of Government United States of America and against Defendant Abel Montero-Zarate.

The Clerk shall close the companion case 5:16-cv-05267-EJD pursuant to this Judgment.

**IT IS SO ORDERED.**

Dated: May 24, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cr-00207-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL AND MOTION PURSUANT TO 28 § U.S.C. 2255

7